[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13633
Non-Argument Calendar
_____

D. C. Docket No. 3:09-cv-01104-RBD-JRK


JANET MAY BEAL,

Plaintiff-Appellant,

versus

CONVERGYS CORPORATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(September 14, 2012)

Before MARCUS, MARTIN and EDMONDSON, Circuit Judges.


PER CURIAM:


Janet Beal, proceeding pro se, appeals the grant of summary judgment in

favor of her employer, Convergys Corporation ("Convergys"), on her claims of race discrimination, discriminatory discharge, failure to promote, and retaliation.[1] Beal brought her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), 3(a), and the Florida Civil Rights Act ("FCRA").[2] No reversible error has been shown; we affirm.

Beal, an African-American female, filed a complaint against Convergys alleging that, while she was employed as a sales and service representative by Convergys, she was discriminated against based on her race: ultimately subject to a discriminatory discharge. She also alleged that Convergys failed to promote her and retaliated against her after they learned that (a) she had filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and (b) she was involved in a lawsuit with a former employer, CSX Corporation ("CSX").[3]

---

[1]We review de novo the district court's grant of summary judgment. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). And we view the evidence in the light most favorable to the non-moving party. Id.

[2]Employment claims brought under the FCRA involve the same analysis as Title VII disparate treatment claims. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (FCRA).

[3] Beal also alleged that she was denied tuition reimbursement, was excluded from important team meetings, that her interviews for positions were cancelled, and that her supervisors were changed excessively. We conclude that Beal abandoned these claims because she fails to argue on appeal that the district court erred in denying these claims. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008) (stating that "issues not raised on appeal are abandoned").

2

I.

For her race discrimination and discriminatory discharge claims, Beal alleged that -- despite having ten years' experience in marketing, as well as various business education and skills -- she was rejected from several internal positions for which she applied, some of which were later filled by candidates who were not black, or were less qualified than Beal.  In addition, Beal argued that similarly-situated white employees were treated more favorably and that the covert placement of reprimands in her personnel file before her termination proved pretext and rebutted Convergy's proffered reasons for her termination.[4]  The district court concluded that Beal failed to establish a prima facie case of race discrimination or discriminatory discharge: she did not show that she was treated differently than similarly-situated persons outside her protected class.

To establish a prima facie case of race discrimination under Title VII, the employee must prove (1) that she is a member of a racial minority; (2) that she was

---

[4] Because this case is a circumstantial evidence case, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 663 (1973), applies.  Under this framework, the plaintiff must first establish a prima facie case, which creates a presumption of unlawful discrimination against the employee.  The employer may then rebut that presumption with legitimate, non-discriminatory reasons for the adverse employment acts.  The employee must then proffer sufficient evidence to create a genuine issue of material fact that the defendant's articulated reasons are pretextual.  See Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008).

3

subjected to an adverse employment action; (3) that her employer treated similarly-situated employees outside her classification more favorably; and (4) that she was qualified for the job. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show an employee who is similarly situated to the plaintiff in all relevant respects. Id. If a plaintiff fails to show the existence of such an employee, summary judgment is appropriate where no other evidence of discrimination exists. Id. When a plaintiff alleges discriminatory discipline, we require that the quantity and quality of the comparator's misconduct be nearly identical to the plaintiff's. See Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).

In this case, Beal fails to establish that two co-workers, Brenda Daniel and Hans Belanger, are valid comparators. Beal does not dispute that she failed to meet her sales goals, while Daniel excelled in her position. Daniel, therefore, is not a proper comparator for pay raises, promotions, or benefits because she and Beal were not similar in all relevant respects in terms of their job performance. See Holifield, 115 F.3d at 1562. With regard to the reduction in work hours, Belanger had his hours reduced even more than Beal; and thus, even assuming that Beal is correct in stating that she and Belanger were functionally equal in terms of

4

job duties, Belanger was not treated more favorably than Neal.  Belanger also is not a valid comparator for Beal's disparate-discharge claim because he was terminated for unsatisfactory performance, while Beal was terminated for recording customer calls in violation of company policy.

Because Beal failed to show the existence of a valid comparator in either her race discrimination or discriminatory discharge claims and does not present other evidence of discrimination, she failed to establish a prima facie case of discrimination.  See Burke-Fowler, 447 F.3d at 1323 (holding that a plaintiff had not established a prima facie case of race discrimination because she failed to show valid comparators and presented no other circumstantial evidence of discrimination).  Accordingly, the district court properly dismissed Beal's race discrimination and discriminatory-discharge claims.

II.

Even assuming that Beal could establish a prima facie case of failure to promote, the district court concluded that she had failed to rebut Convergys's legitimate, nondiscriminatory reasons for not selecting her for any of the 67

5

internal positions for which she applied: she was ineligible for most of the positions, lacked the relevant experience, or was not the most qualified candidate.

On appeal, Beal argues that her credentials illustrate she was better qualified than the candidates selected to fill 11 of the positions for which she applied.  Beal exclusively relies on a job chart that lists the positions she applied for, the reason (if any) given for her nonselection, and the selected candidates's race, sex, age, and education.  Beal's chart, however, does not compare her experience, work history, performance at Convergys, or other qualifications to the candidates selected: she included none of that information for the selected candidates.

Viewing the evidence in the light most favorable to Beal, she did not present evidence establishing that she was more qualified than any of the candidates selected for the positions she applied for, or that she was eligible for the remaining positions.  She failed to show that no reasonable person could have chosen the selected candidates over her.  See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (holding that in the failure-to-promote context, "[a] plaintiff must show that the disparities between the successful applicant's and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment,

6

could have chosen the candidate selected over the plaintiff") (quotation and citation omitted).

### III.

Turning to Beal's retaliation claim, Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because [she] has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). Retaliation under Title VII occurs when an employee engages in protected activity and suffers an adverse employment action that is causally related to that activity. See Harper, 139 F.3d at 1388.

In this case, the district court properly concluded that Beal had established a prima facie case for retaliation. She demonstrated a causal link between her protected activity -- namely, her various internal complaints and her filing of the EEOC charge -- and the adverse employment acts (including a reduction in her work hours and her eventual termination) that occurred after March 2009, when Convergys first became aware of Beal's prior litigation with CSX. But Beal failed to rebut Convergys's legitimate, nondiscriminatory reasons for the adverse

7

employment acts, including that Beal performed unsatisfactorily by failing to meet her sales goals and by recording customer calls contrary to company policy.

Here, Beal does not dispute that she failed to meet her sales goals. Nor does she present evidence supporting her assertion that she received reprimands from Convergys mainly or just to thwart her career advancement. Because Beal did not demonstrate that Convergys's proffered reasons were not the "real" reasons for the adverse employment acts, or that the real reason was discriminatory animus against her, she failed to establish pretext. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993) (holding that "a reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason") (emphasis in original).

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Convergys.

AFFIRMED.

8